John Moses
844 Carteret Ave
Trenton, NJ 08618
(609)-815-1977
Per Se Pro

# IN UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN MOSES<br><br>Plaintiff,<br><br>vs.<br><br>HOME DEPOT INC, STORE MANAGER COLLINS POLYWACZ, ASSISTANT MANAGER LISA WALLACE, ASSISTANT MANAGER. JOHNATHAN DELAIRA AKA JD, HUMAN RESOURCE REP. CINDY, DEPARTMENT HEAD KYLE, DEPARTMENT HEAD EDWARD, DEPARTMENT HEAD JEANETTE AND ALL OTHER JOHN DOES<br><br>Defendant(s) | Case No.: No. 16-2400 PGS-DEA<br><br>COMPLAINT<br><br>DEMAND FOR JURY TRIAL<br><br>RECEIVED<br>APR 29 2016<br>AT 8:30____M<br>WILLIAM T. WALSH<br>CLERK |

## Jurisdiction

1. This court has jurisdiction under 28 U.S.C. § 1331. Federal question jurisdiction arises pursuant to Title VII of the Civil Rights Act of 1964.

## Venue

2. Venue is proper pursuant to 28 U.S.C. § 1391 because the defendant does business in this district.

## Parties

3. Plaintiff John Moses resides at 844 Carteret Ave., Trenton, New Jersey

08618.

4. Defendant Home Depot Inc, operate a business chain at 145 Levittown Parkway, Levittown, PA 19055 and the other Defendant currently are employed as employees and managers at (Levittown, PA 19055).

5. On or about May 11, 2015 approximately 1:40 pm, Plaintiff John Moses was approached by Assistant Manager JD on the sales floor in Garden/Seasonal and was asked to report to the back office. Once Plaintiff John Moses arrived in the office, Store Manager Collins was waiting for Plaintiff John Moses. Plaintiff John Moses was then advised by Store Manager Collins that there was a decision made to part ways, ending the Plaintiffs employment with the company, based on too many incidents.

6. On or about May 11, 2015 approximately 2:00 pm, Plaintiff John Moses employment with Home Depot was terminated by Store Manager Collins Polywacz. Plaintiff John Moses was an employee of the Defendant The Home Depot Company@ Home Depot Inc, store number 4163, at 145 Levittown Parkway, Levittown, PA 19055, since April 08, 2015.

7. On or about June 17, 2015 Plaintiff John Moses contacted the Home Depot Inc. Corporate office in Atlanta, GA for the purpose of requesting written explanation of his termination, home depot policies and procedures regarding termination and to request an investigation of his termination of employment. It was conveyed to Plaintiff John Moses by Corporate that he had the right to request and view the contents of his Personnel file; the ticket number for that call is 19416207.

8. On or about June 22, 2015 Plaintiff John Moses following the instructions of the Corporate office of Home Depot Inc. he entered the Home Depot Inc. #4163 to utilize his right to request to see the contents of his Personnel file.

9. Plaintiff John Moses entered into the staff area of the store where he found

that the management staff were already in the HR office. Store Manager Collins, Assistant Manager Lisa and HR Rep. Cindy were gathered in the HR representative's office.

10. On aforesaid date, Plaintiff John Moses briefly spoke with Assistant Manager Lisa and presenting her with a copy of a prepared letter requesting the complete contents of his Personnel file, Assistant Manager Lisa read the notice and then immediately forwarded it to Store Manager Collins.

11. Store Manager Collins accepted and read the notice, upon reading the notice he asked plaintiff to return to the store the following morning to receive a printed copy of his personnel file.

12. On or about June 22, 2015, Plaintiff John Moses returned to Home Depot Inc. #4163 where he met with Store Manager Collins, at which time he was given by Store Manager Collins one paper document, described as a Progressive Disciplinary Notice. No other documentation from the plaintiffs personnel file was presented during this meeting. The plaintiff then requested all contents within the personnel file, and was advised that all the contents were sent to the corporate office of Home Depot Inc. in Atlanta GA. and was no longer in the possession of that store location #4163.

13. The document received by the plaintiff on June 22, 2015 stated that, plaintiff John Moses had demonstrated a pattern of disrespectful and inappropriate behavior, committing a violation of the Acceptable Workplace Conduct and SOP (Standard of Procedure).

14. After receiving verbal communication, by store manager Collins that plaintiffs personnel file had been forwarded to its corporate office, plaintiff then contacted the corporate office in Atlanta GA. to confirm that his file was sent to them and to request a copy of its contents. Plaintiff was then advised that the corporate office did not have or had never received any portion of his personnel

file, they claimed that they would at the time of the call open an investigation to located plaintiffs file and its contents, ticket number for call 19437624.

15. Upon investigating the Progressive Disciplinary Notice document, plaintiff John Moses contends that the statements contained bias and unfounded allegations that had no evidence statements, incident reports, names, accurate dates and times, write ups on the occasions that the alleged incidents occurred and no listed procedures or protocols that were documented prior to the incident leading up to the termination of employment.  The claims supporting the cause why the plaintiff had been terminated had no accuracy related to time line and no verifiable evidence within the contents of the documentation given at the time request.

16. Plaintiff John Moses believes that his termination was a result of his initial entry into the Home Depot Inc Corporation during the pre-employment process. In which John Moses challenged the procedures contending that he was being denied employment based on race at the Home Depot Inc Store #4163.

17. Plaintiffs  was continually harassed to the point of fatigue, asked by other department managers to perform task outside his department, including moving by hand one hundred bricks from one station to the next, a task that would normally be done using a forklift. When plaintiff refused task that was not a part of his job description he was subject to harsh words and verbal reprimands.

18. When plaintiff questioned the unfair treatment that he was receiving he was accused of having an intimidating tone and was again dismissed and made to feel like he was to be submissive to the unfair treatment of his fellow employees.

19. He was harassed by many of white co-workers who were nonmembers of management, and periodically order to do work by none management employees.

20. Other incidence included being yelled at by a white co-worker and followed around the sales floor for utilizing a Bluetooth device in his ear while on a scheduled break.

21. During the course of plaintiffs employment serious incidence including a similar incident in which plaintiff was terminated for occurred by white co-workers that did not carry any serious consequence.

    a. Co-worker writing on another co-workers company issued apron the words "Dick head"

    b. Co-worker destroying company property due to negligence.

22. None of the above incidence resulted in termination or reprimand by management staff and in both cases the employees were white.

## Claim I

(Violation of Title VII of the Civil Rights Act of 1964, as amended because of my race (Black)

(Title VII of the Civil Rights Act of 1964/42 U.S.C. § 1983)

23. Plaintiff realleges paragraphs 1 through 17.
24. By doing the acts described above in Paragraph 6 thru 17, Defendant caused and/or permitted the violation of Plaintiff's Title VII of the Civil Rights Act of 1964 rights to be free from harassment and discrimination based on race (Black), thereby entitling Plaintiff to recover damages pursuant to 42 U.S.C. § 1983.

## Request for Relief

WHEREFORE, the plaintiff requests: $750,000.00 and

25. Compensatory damages, including general and special damages, according to proof;
26. Any further relief which the court may deem appropriate.

## Demand for Jury Trial

27. Plaintiff hereby requests a jury trial on all issues raised in this complaint.

Dated: April 29, 2016

By: <u>John Moses</u>
Plaintiff in Pro Se

Complaint