NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOHN MOSES,

        Plaintiff,

v.

HOME DEPOT INC., et al.,

        Defendants.

Civil Action No. 16-2400 (MAS) (DEA)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court on Defendant Home Depot U.S.A., Inc.'s ("Home Depot") Motion to Dismiss pro se Plaintiff John Moses's ("Plaintiff") Amended Complaint. (ECF No. 35.) Plaintiff filed opposition (ECF No. 38), and Home Depot replied (ECF No. 41). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, the Court GRANTS Home Depot's Motion to Dismiss.

**I.    Background**[1]

Plaintiff filed the instant five-count action against Home Depot and eight employees[2] at Home Depot Store 4163 (collectively, "Defendants") for racial discrimination and creation of a

---

[1] The Court references background information outside the Amended Complaint where necessary to address procedural issues raised in Defendants' Motion to Dismiss. Additionally, in light of the applicable standard on a Rule 12(b)(6) Motion, the Court sets forth Plaintiff's allegations as true for the purposes of this Motion.

[2] "Store Manager Collins Polywacz," "Assistant Manager Lisa Wallace," "Assistant Manager Johnathan Delaira," "Human Resources Representative Cindy," "Department Head Kyle,"

hostile work environment under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §§ 951, *et seq.*: Count One—discrimination and hostile work environment under Title VII; Count Two—retaliation under Title VII; Count Three—failure to provide a reasonable avenue for complaint under Title VII; Count Four—discrimination and hostile work environment under the PHRA; and Count Five—retaliation under the PHRA. (Am. Compl. ¶¶ 1-11, 43-62, ECF No. 32.)

Plaintiff alleges that during his employment with Home Depot, he overheard managers use racial epithets when speaking about him, was publicly disparaged by superiors using racial language, had a derogatory racial term written on his work apron, and was told by Human Resources Representative Cindy that she did not want to hire him based on his pre-employment complaints to the corporate office during the hiring process. (*Id.* ¶¶ 27-35.) Plaintiff was terminated, in part, because Home Depot initiated disciplinary action against Plaintiff for his alleged actions on a day that Plaintiff was not scheduled to work. (*Id.* ¶ 41.) Plaintiff's termination was in response to a grievance Plaintiff filed with Human Resources regarding Defendants' discriminatory conduct. (*Id.* ¶¶ 37-41.)

On July 9, 2015, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Brady Decl. Ex. 2, ECF No. 35-4.) The EEOC issued a right-to-sue letter to Plaintiff, mailed to his address, on October 30, 2015. (Pl.'s Mot. to Amend Ex. 3, ECF No. 22-1.) Plaintiff did not receive the right-to-sue letter and subsequently attempted to contact the EEOC by telephone about the status of his right-to-sue letter. (Am. Compl. ¶ 13.) Plaintiff did not receive a satisfactory response until January 27, 2016, when an EEOC

---

"Department Head Edward," "Department Head Jeanette," "Department Head Alicia," and other John Does (collectively, "Individual Defendants").

representative spoke to him on the phone and informed him that the EEOC had already issued his right-to-sue letter. (*Id.*) That same day, Plaintiff received the right-to-sue letter from the EEOC representative in an e-mail message. (*Id.*) Plaintiff, however, could not access the e-mail message until January 30, 2016, due to a "computer system malfunction (meaning it was a problem on the Gmail sever [sic] end)." (*Id.*)

On April 29, 2016—182 days after the EEOC issued the right-to-sue letter, ninety-three days after the letter was e-mailed to Plaintiff, and ninety days after Plaintiff could access the e-mail message—Plaintiff filed the instant action against Defendants.[3] (Compl., ECF No. 1.) On October 27, 2016, Plaintiff filed the Amended Complaint. (Am. Compl., ECF No. 32.) Summons and the Amended Complaint were served by Wyman Nance, Plaintiff's friend, upon an assistant store manager at Home Depot Store 4163 in Levittown, Pennsylvania. (Return of Service, ECF No. 34.) On November 14, 2016, Home Depot moved to dismiss Counts One, Two, Three, and Five of the Amended Complaint.[4] (ECF No. 35.)

## II. <u>Legal Standard</u>

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In addressing a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the

---

[3] Plaintiff's original Complaint did not include Department Head Alicia as a defendant, who was added as a defendant in the Amended Complaint.

[4] The Amended Complaint does not explicitly state whether each Count is against all Defendants or only Home Depot. Accordingly, for the purposes of this decision, the Court construes each Count as intended to be against all Defendants.

3

complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). While a complaint does not need to contain detailed factual allegations to withstand a Rule 12(b)(6) motion to dismiss, a pleader must "provide the 'grounds' of his 'entitle[ment] to relief,' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 545; *see also* Fed. R. Civ. P. 8(a)(2).

On a motion to dismiss for failure to state a claim, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). A district court is to conduct a three-part analysis when considering a Rule 12(b)(6) motion to dismiss. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must "review[] the complaint to strike conclusory allegations." *Id.* The court must accept as true all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). In doing so, the court is free to ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678).

4

"Where, as here, a plaintiff is proceeding pro se, the complaint is 'to be liberally construed,' and, 'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Walsh v. Household Fin. Corp. III*, No. 15-4112, 2016 WL 6826161, at *2 (D.N.J. Nov. 17, 2016) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007)). "While a litigant's pro se status requires a court to construe the allegations in the complaint liberally, a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se." *Id.* (quoting *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010)).

### III. Parties' Positions

#### A. Dismissal of Counts against Individual Defendants[5]

Home Depot[6] argues that the Court should dismiss all Counts against Individual Defendants due to insufficient service of process under Rule 4 of the Federal Rules of Civil Procedure, as well as under New Jersey and Pennsylvania state law. (Home Depot's Moving Br. 10-12, 35-1.) Because Individual Defendants were not served personally or upon an agent, Home

---

[5] In addition to the arguments set forth below, Home Depot argues for dismissal of Counts One, Two, and Three against Individual Defendants because Title VII does not provide for individual liability. (Home Depot's Moving Br. 8, ECF No. 35-1; Home Depot's Reply Br. 5, ECF No. 41.) Plaintiff contends that Individual Defendants are liable under Title VII. (Pl.'s Opp'n Br. 6-8, ECF No. 38.) Home Depot also argues for dismissal of Counts Four and Five against Individual Defendants because Plaintiff did not name Individual Defendants in the EEOC charge of discrimination and, accordingly, did not exhaust his administrative remedies. (Home Depot's Moving Br. 8.) Plaintiff contends that he should be considered to have exhausted his administrative remedies against Individual Defendants because he sought to include Individual Defendants in his charge but the EEOC did not permit him. (Pl.'s Opp'n Br. 8-9.)

[6] Individual Defendants were not properly served, have made no appearance, and have not filed a separate motion in this action. *See infra* IV.A.

5

Depot argues that service of process was insufficient under the Federal Rules of Civil Procedure and each state's applicable law. (*Id.*)

Plaintiff contends that Individual Defendants were properly served and, in support, references rules governing service of process on corporations. (Pl.'s Opp'n Br. 9-10, ECF No. 38.) Plaintiff further argues that the deadline to effect proper service on Individual Defendants should be extended even if he has not shown cause. (*Id.* at 10.)

### B. Timeliness of Title VII Claims Against Home Depot[7]

Home Depot asserts that the Title VII claims against Home Depot should be dismissed because they are time-barred. (Home Depot's Moving Br. 12.) Home Depot contends that Plaintiff's receipt of the right-to-sue letter should be marked by the date Plaintiff received the e-mail message containing his right-to-sue letter. (*Id.* at 13.) Accordingly, Home Depot argues that the Complaint is untimely because it was filed ninety-three days after receipt of the e-mail message. (*Id.*) Home Depot further argues that there is no basis for equitable tolling of the statute of limitations because Plaintiff's inability to access the e-mail message containing the right-to-sue letter was not an extraordinary circumstance that prevented Plaintiff from filing a timely Complaint. (*Id.* at 13-16.)

---

[7] In addition to the arguments set forth below, Home Depot makes additional arguments for dismissal that are not dispositive. Home Depot argues Plaintiff did not exhaust all administrative remedies due to his failure to include a retaliation cause of action in his claim before the EEOC. (Home Depot's Moving Br. 16.) Plaintiff responds that he should be permitted to bring retaliation claims because he was prohibited from including a charge of retaliation by EEOC misconduct. (Pl.'s Opp'n Br. 14-16.) Home Depot also argues that Count Three should be dismissed because Title VII does not provide a cause of action for an employer's failure to provide a reasonable avenue for complaint. (Home Depot's Moving Br. 20.) Plaintiff responds that an employer's failure to provide a reasonable avenue for complaint constitutes a viable cause of action. (Pl.'s Opp'n Br. 17-18.) Finally, Home Depot seeks to strike punitive damages from Counts Four and Five on the basis that punitive damages are not available under the PHRA. (Home Depot's Moving Br. 21.) In opposition, Plaintiff seeks all available damages on these Counts. (Pl.'s Opp'n Br. 18.)

6

Plaintiff contends that the statute of limitations began to run on the date he was able to open the e-mail message containing the right-to-sue letter, as this was the first day he was able to learn about the statutory deadline. (Pl.'s Opp'n Br. 11-12.) Plaintiff, therefore, asserts that the Complaint was timely. Plaintiff further argues that if the Complaint was not timely, the limitations period should be equitably tolled because his inability to access the e-mail message constituted an extraordinary event out of his control that prevented him from filing a timely Complaint. (*Id.* at 13-14.)

IV. <u>Discussion</u>

    A. **Motion to Dismiss: Individual Defendants**

A plaintiff may serve an individual defendant by "delivering a copy of the summons and of the complaint to the individual personally," "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). Leaving process at the defendants' "place of employment does not qualify under the dwelling house or place of abode method." *Hoist v. New Jersey*, No. 12-5370, 2013 WL 5467313, at *3 (D.N.J. Sept. 30, 2013) (quoting *Gipson v. Bass River Twp.*, 82 F.R.D. 122, 125 (D.N.J. 1979)). For service on an alleged agent to be permissible, the plaintiff must show that he relied in good faith on the alleged agent having apparent authority granted by the defendants. *Laffey v. Plousis*, No. 05-2796, 2008 WL 305289, at *5 (D.N.J. Feb. 1, 2008), *aff'd*, 364 F. App'x 791 (3d Cir. 2010). "[T]he party asserting the validity of service bears the burden of proof." *Grand Entm't Grp. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993).

Here, Individual Defendants were served by Wyman Nance, who provides his title as "Friend." (Return of Service.) Process was served by delivery to an assistant store manager, who

"stated she work [sic] give each individual named in the Complaint their copy of the Complaint." (Pl.'s Opp'n Br. 10.) Plaintiff provides no factual allegations that the assistant store manager was authorized, or had apparent authority, to receive service of process on behalf of Individual Defendants. Plaintiff cites Federal Rule of Civil Procedure 4(h) to support his claim that service upon Individual Defendants was sufficient. Rule 4(h), however, pertains to the service of corporations, partnerships, and associations—not individuals. Fed. R. Civ. P. 4(h). The Court, therefore, finds that service upon Individual Defendants was deficient under Federal Rule of Civil Procedure 4(e)(2).

An individual may also be served "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Here, New Jersey and Pennsylvania laws are relevant due to the location of the Court and the location where Individual Defendants were purportedly served.

"New Jersey Court Rule 4:4-4, which sets forth the state guideline regarding service of process, mirrors the Federal Rules [of Civil Procedure] . . . ." *Bell v. Brigantine Mun. Court*, No. 07-1587, 2008 WL 323768, at *3 (D.N.J. Jan. 29, 2008). An individual defendant in New Jersey may be served personally, or service may be delivered to a competent person at the defendant's dwelling or upon an agent authorized to receive service of process. N.J. Ct. R. 4:4-4(a)(1). If by "diligent effort and inquiry" service cannot be delivered to a defendant within New Jersey, in accordance with Rule 4:4-4(a)(1), then service may be delivered in another state in the same manner by a public official authorized to serve process in the state or by a person qualified to practice law in New Jersey or the state. N.J. Ct. R. 4:4-4(b)(1). The plaintiff has the burden of

showing that an alleged agent had either express or implied authority to receive process. *Jameson v. Great Atl. & Pac. Tea Co.*, 833 A.2d 626, 632 (N.J. Super. Ct. App. Div. 2003).

Here, process was served on an assistant manager at Individual Defendants' place of employment. Plaintiff has not shown that the process server was authorized to serve process in Pennsylvania or qualified to practice law in New Jersey or Pennsylvania. Additionally, Plaintiff has not provided an affidavit demonstrating a diligent effort and inquiry to effect service within New Jersey. Finally, Plaintiff has provided no basis for the alleged agent's apparent authority to receive service of process. The Court, therefore, finds that service of process with respect to Individual Defendants was deficient under New Jersey law.

Under Pennsylvania law, "[t]he rules relating to service of process must be strictly followed . . . . There is no presumption as to the validity of the service and the return itself is required to set forth service in conformance with the rules." *Sharp v. Valley Forge Med. Ctr. & Heart Hosp., Inc.*, 221 A.2d 185, 187 (Pa. 1966); *see also N. Forests II, Inc. v. Keta Realty Co.*, 130 A.3d 19, 32 (Pa. Super. Ct. 2015)). Process may be served "at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof." Pa. R. Civ. P. 402(a)(2)(iii). "Service at an office or usual place of business is subject to limitations, and is only appropriate when the person to be served has 'more proprietary responsibility and control over the business than that possessed by the average employee.'" *Zimmerman Slate Roofing Specialists, LLC v. Seidner*, No. 418-EDA-2013, 2014 WL 10979803, at *6 (Pa. Super. Ct. Mar. 31, 2014) (quoting *Martin v. Gerner*, 481 A.2d 903, 908 (Pa. Super. Ct. 1984)).[8] Additionally,

---

[8] *See also Pincus v. Mut. Assurance Co.*, 321 A.2d 906, 910 (Pa. 1974) (finding that a defendant must "have more propriety responsibility and control over the business than that possessed by the average employee" and a "trustee of a corporation possesses the requisite proprietary interest"); *Slater v. Goldberg*, 402 A.2d 1073, 1074 (Pa. Super. Ct. 1979) (finding defendants who were sole stockholders, officers, and directors had sufficient proprietary interest); *Kingvision Pay-Per View*

except in select circumstances not applicable here, process may only be served by a sheriff. Pa. R. Civ. P. 400(a).

Here, Plaintiff pleads that Individual Defendants have supervisory positions at Home Depot Store 4163, but provides no basis for concluding that they possess the adequate proprietary interest or sufficient control over Home Depot.[9] Based on the minimal information provided by Plaintiff, Individual Defendants appear to be mere employees of Home Depot. Further, the return of service does not provide a basis for concluding that process was served by a sheriff. The process server identifies his title only as "Friend." (Return of Service.) The Court, accordingly, finds that Plaintiff has failed to establish that service of process, with respect to the Individual Defendants, was adequate under Pennsylvania law.

Because the Court finds that service of process with respect to Individual Defendants was deficient under the Federal Rules of Civil Procedure, New Jersey law, and Pennsylvania law, Counts One, Two, and Three are dismissed without prejudice.[10]

---

*Corp., Ltd. v. 2501 X Factor, Inc.*, No. 05-3359, 2005 WL 3470635, at *2 (E.D. Pa. Dec. 16, 2005) (finding that a president of a corporation possessed a proprietary interest).

[9] Individual Defendants have titles "store manager," "assistant manager," "human resource representative," and "department head."

[10] In addition to defective service of process, Home Depot argues for dismissal of Counts One, Two, and Three with respect to Individual Defendants on the basis that Title VII does not provide for individual liability. Were the Court to reach the merits of these Counts against Individual Defendants, however, it nevertheless would dismiss Counts One, Two, and Three against Individual Defendants because Title VII does not provide for liability of employees in their individual or official capacities. *Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1077-78 (3d Cir. 1996) (en banc); *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002) ("[I]ndividual employees are not liable under Title VII."); *Mitchell v. N.J. Lottery*, No. 04-896, 2006 WL 1344092, at *8 (D.N.J. May 15, 2006) ("Title VII does not permit official-capacity claims against non-employer individuals.").

B. **Motion to Dismiss: Home Depot**

1. Timeliness of Counts One, Two, and Three

When the EEOC declines to take action against an employer named in a charge of discrimination, the EEOC must "notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge." 42 U.S.C. § 2000e-5. The ninety-day statute of limitations "begins to run when the plaintiff has notice of the EEOC decision; this usually occurs on the date he receives a right-to-sue letter." *Mosel v. Hills Dep't Store, Inc.*, 789 F.2d 251, 252 (3d Cir. 1986). Receipt is determined as the day the plaintiff or his attorney receives the letter, even if he is not aware of its receipt until some later time. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 93 (1990). A right-to-sue letter received via e-mail message triggers the ninety-day statute of limitations period. *See Zilinskas v. UPMC*, No. 13-80, 2013 WL 2237726, at *4 (W.D. Pa. May 21, 2013) (finding that the plaintiff had ninety days from the date of receipt of right-to-sue letter via e-mail message from the EEOC). The ninety-day statute of limitations is "strictly enforced." *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 472 (3d Cir. 2001). A filing late by one day, without grounds for equitable tolling, is untimely. *Mosel*, 789 F.2d at 253.

Here, Plaintiff states that the letter was delivered to his inbox on January 27, 2016. Plaintiff contends that circumstances outside his control prevented him from reading the e-mail message until January 30, 2016 and that, therefore, this should be deemed the date of receipt. (Am. Compl. ¶ 13.) The Court, however, finds that January 27, 2016, the date the e-mail message was received in Plaintiff's inbox, is the date of receipt. Accordingly, Plaintiff's original Complaint was filed three days after the expiration of the statute of limitations.

## 2. Equitable Tolling of Counts One, Two, and Three

The ninety-day statute of limitations is subject to equitable modification. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). Equitable tolling is available if the plaintiff has been "prevented from filing in a timely manner due to sufficiently inequitable circumstances," such as receiving inadequate notice of a right-to-sue. *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 240 (3d Cir. 1999). Equitable tolling is also available if the plaintiff has been prevented from asserting his rights "in some extraordinary way." *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998) (citation omitted). The statute of limitations for Title VII cases should not be "disregarded by courts out of a vague sympathy for particular litigants." *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984). The plaintiff bears the burden of establishing a basis for equitable tolling in Title VII cases. *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 591 (3d Cir. 2005).

There are "three situations appropriate for equitable tolling: (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *McEady v. Camden Cty. Policy Dep't*, No. 16-1108, 2017 WL 253156, at *3 (D.N.J. Jan. 20, 2017) (citing *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994)). Here, Plaintiff fails to demonstrate any of the three situations.

An EEOC counselor providing false or misleading information to a plaintiff does not necessarily warrant equitable tolling. *See, e.g.*, *Robinson v. Dalton*, 107 F.3d 1018, 1023 (3d Cir. 1997) (declining to grant equitable tolling on the basis that allowing a plaintiff's claim of being provided erroneous information in one phone conversation with the EEOC would convert the

remedy from one used "only sparingly and in extraordinary situations into one that can be readily invoked by those who have missed carefully drawn deadlines"). Here, similar to *Robinson*, Plaintiff seeks equitable tolling based on one phone conversation with the EEOC representative. The EEOC representative did not inform Plaintiff of the ninety-day statute of limitations over the phone, but promptly sent Plaintiff a copy of the right-to-sue letter that contained adequate notice of the deadline. (*See* Brady Decl. Ex. 3, ECF No. 35-4.)

Additionally, a delay solely caused by the inability to read an e-mail message is not an extraordinary circumstance that justifies equitable tolling. *See, e.g., Finch v. NYC Transit Auth.*, No. 09-5371, 2011 WL 2708308, at *3 (E.D.N.Y. July 8, 2011) (finding that because the plaintiff failed to "actively pursue[] judicial remedies," equitable tolling was unavailable where the plaintiff did not receive an email from the EEOC because his cable service was discontinued). The Court, therefore, finds that Plaintiff's inability to access the e-mail message containing the right-to-sue letter for three days does not constitute an extraordinary circumstance that justifies equitable tolling.

Because Plaintiff filed the original Complaint three days after the expiration of the statute of limitations and Plaintiff has failed to establish a basis for equitable tolling, the Court dismisses Counts One, Two, and Three against Home Depot without prejudice. *See McEady*, 2017 WL 253156, at *5 ("It may be possible to replead [adequately extraordinary circumstances] in an amended complaint that would survive a Rule 12(b)(6) motion.").

C. **Supplemental Jurisdiction over Counts Four and Five**

Supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). A district court can decline to exercise supplemental jurisdiction over a claim arising under state law if it has dismissed all claims over

13

which it has original jurisdiction. *Elkadrawy v. Vanguard Grp., Inc.*, 584 F.3d 169, 174 (3d Cir. 2009); 28 U.S.C. § 1367(c)(3). Because the Court dismisses Counts One, Two, and Three against all Defendants, the only Counts over which it has original jurisdiction, the Court declines to assert supplemental jurisdiction over Counts Four and Five and dismisses those Counts without prejudice.[11]

### V. Conclusion

For the reasons set forth above, Home Depot's Motion to Dismiss is GRANTED. The Court further finds that service of process was deficient with respect to Individual Defendants and, therefore, dismisses all Counts with respect to Individual Defendants. An order consistent with this Memorandum Opinion will be entered.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**Dated:** June 27, 2017

---

[11] While Defendants did not move for dismissal of Count Four, the decision to dismiss claims over which the Court declines to assert supplemental jurisdiction is within the discretion of the Court. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).