NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOHN MOSES,

    Plaintiff,

v.

HOME DEPOT INC., et al.,

    Defendants.

Civil Action No. 16-2400 (MAS) (DEA)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on Defendant Home Depot U.S.A., Inc.'s ("Home Depot" or "Defendant") Motion to Dismiss *pro se* Plaintiff John Moses's ("Plaintiff") Second Amended Complaint. (ECF No. 52.) Plaintiff filed opposition (ECF No. 54), and Defendant replied (ECF No. 57). The Court has carefully reviewed the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Defendant's Motion to Dismiss is granted.

**I.    Background and Procedural History[1]**

    Home Depot employed Plaintiff as a sales associate at Store 4136 in Levittown, Pennsylvania for approximately one month in 2015. (Sec. Am. Compl. ¶¶ 23, 42, 47, 48.) On July 9, 2015, Plaintiff dual-filed a Charge of Discrimination against Home Depot with the Equal

---

[1] For purposes of the motion to dismiss, the Court accepts all factual allegations in Plaintiff's Seconded Amended Complaint as true; however, this assumption of truth does not apply to legal conclusions couched as factual allegations. *Bethea v. Roizman*, No. 11-254, 2012 WL 4490759, at *5 (D.N.J. Sept. 27, 2012).

Employment Opportunity Commission ("EEOC") and Pennsylvania Human Relations Commission ("PHRC"), claiming that he was terminated because of his race. (Sec. Am. Compl., Ex. D, ECF No. 48-1.) The EEOC issued a Right to Sue Letter on October 30, 2015. (*Id.* at Ex. A.) Plaintiff, however, did not receive a copy of the letter by mail, which he told the EEOC in follow up telephone calls. (Sec. Am. Compl. ¶¶ 14-17.) On January 27, 2016, Plaintiff contacted an EEOC representative who agreed to provide Plaintiff with an e-mail copy of the Right to Sue Letter, which she sent to Plaintiff the same day. (Sec. Am. Compl. ¶¶ 16-18, Ex. A.) Due to a "block" on Plaintiff's Google e-mail ("Gmail") account, he could not access the e-mail until three days later, on January 30, 2016. (*Id.* ¶¶ 18-20.)

Plaintiff filed his original Complaint on April 29, 2016, ninety-three days after the EEOC emailed Plaintiff the Right to Sue Letter on January 27, 2016. (ECF No. 1.) On June 3, 2016, Home Depot moved to Dismiss. (ECF No. 8.) On July 18, 2016, before the motion to dismiss was decided, Plaintiff requested leave to file an amended complaint (ECF No. 22), which was granted (ECF No. 28), and Plaintiff's Amended Complaint was filed on October 27, 2016 (ECF No. 32). The Amended Complaint contained five counts[2] against Home Depot and eight Individual Defendants.[3]

The crux of Plaintiff's Amended Complaint was that he suffered racial discrimination and retaliation in the course of his one-month employment at Home Depot. (*See generally*, Am. Compl.) On November 14, 2016, Home Depot moved to dismiss Counts One, Two, Three, and

---

[2] The Amended Complaint alleged: (1) discrimination and hostile work environment under Title VII; (2) retaliation under Title VII; (3) failure to provide a reasonable avenue for complaint under Title VII; (4) discrimination and hostile work environment under the PHRA; and (5) retaliation under the PHRA. (Am. Compl. ¶¶ 1-11, 43-62, ECF No. 32.)

[3] "Store Manager Collins Polywacz," "Assistant Manager Lisa Wallace," "Assistant Manager Johnathan Delaira," "Human Resources Representative Cindy," "Department Head Kyle," "Department Head Edward," "Department Head Jeanette," "Department Head Alicia," and other John Does ("Individual Defendants").

2

Five arguing, among other things, that the Individual Defendants were not properly served and the Complaint was filed beyond the applicable limitations period. (ECF No. 35.) On June 27, 2017, the Court granted Home Depot's motion to dismiss, without prejudice. (ECF No. 46.) The Court found that service on the Individual Defendants was deficient because Plaintiff's friend served the Individual Defendants through an assistant manager at their place of work. (*See* Mem. Op. 9-10, ECF No. 46.) The Court also found that Plaintiff's Title VII claims were untimely, filed three days after the expiration of the statute of limitations. (*Id.* at 11.) The Court considered, and rejected, Plaintiff's argument that the limitations period should be equitably tolled for three days because he was not able to access his Gmail account for the first three days after the EEOC emailed him the Right to Sue Letter. (*Id.* at 12-13.) The Court determined that this three-day "block" did not constitute an extraordinary circumstance to justify equitable tolling. (*Id.* at 13.) Finally, the Court dismissed Counts Four and Five, declining to assert supplemental jurisdiction over Plaintiff's pendent state tort claims. (*Id.* at 14.) The Court, however, provided Plaintiff another opportunity to amend the Complaint.

On July 20, 2017, Plaintiff filed a Second Amended Complaint. (ECF No. 48.) The Second Amended Complaint pleads the same five counts as the First Amended Complaint: (1) discrimination and hostile work environment under Title VII; (2) retaliation under Title VII; (3) failure to provide a reasonable avenue for complaint under Title VII; (4) discrimination and hostile work environment under the PHRA; and (5) retaliation under the PHRA. (Sec. Am. Compl. ¶¶ 44-63).[4] On July 31, 2017, Plaintiff requested the clerk to issue summonses with regard to the Second Amended Complaint (ECF No. 49), which the Clerk's office issued the same day (ECF

---

[4] Similar to the First Amended Complaint, the Second Amended Complaint does not explicitly state whether each Count is against all Defendants or only Home Depot. Accordingly, for the purposes of this decision, the Court construes each Count as intended to be against all Defendants.

3

No. 50). On August 1, 2017, Plaintiff filed a Certificate of Service, indicating that Plaintiff's friend served a summons by leaving it with a manager at Home Depot. (ECF No. 51.)

Plaintiff's Second Amended Complaint contains allegations nearly identical to those raised in the original Complaint, and only adds additional details about his inability to access his e-mail account for three days. Plaintiff also attached correspondence purportedly from "the Google Account team" detailing Plaintiff's difficulties in accessing his account for three days. (Sec. Am. Compl., Ex. C, ECF No. 48-1.)[5]

Defendant now moves to dismiss Plaintiff's Second Amended Complaint for many of the same reasons the Court previously dismissed the First Amended Complaint. (Def.'s Moving Br., ECF No. 52-1.)

## II. Legal Standard

In addressing a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). While a complaint does not need to contain detailed factual allegations to withstand a Rule 12(b)(6) motion to dismiss, "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550

---

[5] The Court has serious concerns about the authenticity of the correspondence submitted by Plaintiff, purportedly provided to him by Google. (Sec. Am. Compl., Ex. C.) The correspondence contains several grammatical errors, recites the details of six alleged calls between Plaintiff and Google where the team could not assist with the issue "because it is a process that only can be done by you online," and then, without further explanation, provides that "[o]n January 30, 2016 at 6:57 pm your Gmail Account was successfully unblocked and you were able to read your emails." (*Id.*) In any event, for purposes of this motion, the Court accepts Plaintiff's factual allegation that he was locked out of the account as true. Further, the Court has already determined that the three-day e-mail lockout did not constitute grounds for equitable tolling. The correspondence from Google, therefore, does not affect the outcome of this motion and the Court need not engage in further proceedings to evaluate the authenticity of the document.

U.S. 544, 545 (2007); *see also* Fed. R. Civ. P. 8(a)(2). "Where, as here, a plaintiff is proceeding *pro se*, the complaint is 'to be liberally construed,' and, 'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Walsh v. Household Fin. Corp. III*, No. 15-4112, 2016 WL 6826161, at *2 (D.N.J. Nov. 17, 2016) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007)). "While a litigant's *pro se* status requires a court to construe the allegations in the complaint liberally, a litigant is not absolved from complying with *Twombly* and the federal pleading requirements." *Id.* (quoting *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010)).

### III. Discussion

#### A. Title VII (Counts One, Two, and Three)

##### 1. Individual Defendants

Home Depot argues that the claims against the Individual Defendants should be dismissed because the Individual Defendants have not been properly served. In addition, Defendant argues that Title VII does not provide for individual liability. (Def.'s Moving Br. 13-15.) In the Court's June 27, 2017 Memorandum Opinion, it dismissed the Complaint against the Individual Defendants for improper service. (Mem. Op. 8-10.) The Court specifically indicated that service could not be effectuated on the Individual Defendants through service at a work location. (*Id.*) Plaintiff's attempt to serve the Second Amended Complaint appears to suffer from the same deficiencies. The Certificate of Service shows that Plaintiff's friend left copies at Defendant's "Place of business" with "Adrienne – Manager." (Certificate of Service, ECF No. 51.) Plaintiff did not respond to Defendant's argument that service was insufficient as to the Individual Defendants. There is no indication on the docket that Plaintiff has adequately served the Individual Defendants, and the Court again finds that the Second Amended Complaint should be dismissed against the Individual Defendants for this reason.

Further, as the Court previously noted, the Title VII claims against the Individual Defendants cannot survive because Title VII does not provide for liability of employees in their individual or official capacities. (Mem. Op. 10 n.10 ("In addition to the defective service of process . . . Title VII does not provide for liability of employees in their individual or official capacities.").) Accordingly, further amendment on this issue would be futile. The Court, therefore, dismisses the Title VII claims (Counts One, Two, and Three) against the Individual Defendants, with prejudice.

2. Home Depot

It is undisputed that Plaintiff was required to file a complaint within ninety days of his receipt of the Right to Sue Letter. It is also undisputed that the EEOC e-mailed Plaintiff a copy of the Right to Sue Letter, at Plaintiff's request, on January 27, 2016. Plaintiff claims that he was locked out of his inbox until January 30, 2016, which the Court accepts as true for purposes of the Motion to Dismiss. The Court previously found that the date of receipt is January 27, 2016. (Mem. Op. 11 ("The Court [] finds that January 27, 2016, the date the e-mail message was received in Plaintiff's inbox, is the date of receipt.").)[6] The Court further found that Plaintiff had not demonstrated any basis for equitable tolling as a result of the locked account. (*Id.* at 13 ("Plaintiff's inability to access the e-mail message containing the right-to-sue letter for three days does not

---

[6] The Court notes that although it found January 27, 2016 to be the appropriate date from which to calculate the statute of limitations, an *earlier* date could have potentially triggered the limitations period. As the Court noted in its prior opinion, the ninety-day statute of limitations "begins to run when the plaintiff has notice of the EEOC decision." (Mem. Op. 11 (quoting *Mosel v. Hills Dep't Store, Inc.*, 789 F.2d 251, 252 (3d Cir. 1986)). Although this is usually determined on the date of receipt, earlier notice—including verbal notice—can trigger running of the limitations period. *Ebbert v. Daimlerchrysler Corp.*, 319 F.3d 103, 116 (3d Cir. 2003) ("we hold that oral notice can suffice to start the 90-day period . . . [if it is] equivalent to written notice.") Here, Plaintiff admitted that he was advised during his phone calls with the EEOC, *prior* to January 27, 2016, that a Right to Sue Letter had already been issued. (Sec. Am. Compl. ¶¶ 14-17.) Nevertheless, for purposes of the motion to dismiss, the Court found that notice occurred on the date the Right to Sue Letter was e-mailed to Plaintiff.

constitute an extraordinary circumstance that justifies equitable tolling.").)[7] Nevertheless, the Court recognized that it may be possible to adequately replead extraordinary circumstances to justify equitable tolling (*id.* at 13) and provided Plaintiff an opportunity to amend (Order, ECF No. 47).

Plaintiff's Second Amended Complaint, however, fails to plead any adequate basis for equitable tolling. As explained in the Court's prior decision, there are "three situations appropriate for equitable tolling: (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *McEady v. Camden Cty. Police Dep't*, No. 16-1108, 2017 WL 253156, at *3 (D.N.J. Jan. 20, 2017) (citing *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994)). Here, Plaintiff's Second Amended Complaint simply added facts about the e-mail lock out issue and failed to demonstrate any of these three situations.

To the contrary, the Second Amended Complaint demonstrates that Plaintiff was aware of the Right to Sue Letter on January 27, 2016 (Sec. Am. Compl. ¶¶ 16-17), the Letter was sent to his Gmail account on January 27, 2016 (*id.* at Ex. A), and Plaintiff actually possessed the letter on January 30, 2016 (*id.* ¶¶ 18-20), but Plaintiff did not take any action to protect his rights over the next eighty-seven days. A number of courts have found that such circumstances preclude a

---

[7] Plaintiff argues that the Court's prior decision dismissing the Amended Complaint was "based . . . in [sic] the absence of John presenting any proof from Google Inc., to state that John did not have access on January 27, 2017 [sic] thu [sic] January 30, 2017 [sic] to his email account . . . Plaintiff John has a letter from Google Inc., to show as evidence" and therefore, the Court should toll the limitations period for the three days that he was locked out of his Gmail Account. (Pls.' Opp'n Br. 2-3, ECF No. 54.) This is an incorrect characterization of the Court's prior decision. The Court accepted as true the factual allegations in Plaintiff's First Amended Complaint, including the allegation that he was unable to access the Gmail account for three days, and found that the Right to Sue Letter was received on January 27, 2016 and the e-mail lock out was not a valid basis for equitable tolling. (Mem. Op. 11-13.)

plaintiff from invoking equitable tolling. *See Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 385 (9th Cir. 1997) (when plaintiff had more than ten weeks after receiving the right-to-sue letter to bring a claim, but took no action, she could not avail herself of equitable tolling); *Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987) (when plaintiff knew of the right-to-sue letter within six days of its arrival, he had eighty-four days in which to bring suit and he failed to show why this was not enough time); *Million v. Frank*, 47 F.3d 385, 389 (10th Cir. 1995) (when plaintiff's wife received the letter but plaintiff did not see the letter until six days later, plaintiff still had twenty-four days in which to file suit pursuant to a thirty-day filing deadline and, therefore, was not entitled to equitable tolling); *Hannah v. Wal-Mart Stores, Inc.*, 969 F. Supp. 2d. 229, 237 (D. Conn. 2013) (where attorney was aware of date of issuance of a right-to-sue letter, but fax from EEOC did not transmit, so counsel did not receive a physical copy of the letter until three weeks prior to the end of the ninety-day deadline, court found equitable tolling was not appropriate.). Here, even if Plaintiff was blocked from accessing his email for three days, Plaintiff did not provide any information about why he did not file in the remaining eighty-seven days. The Court, therefore, again finds that Plaintiff has not sufficiently pled circumstances to warrant equitable tolling. As the Court has determined the Complaint was filed outside of the applicable limitations period, and Plaintiff's circumstances do not warrant tolling, the Court dismisses Counts One, Two, and Three against Home Depot, with prejudice.

**B.     PHRA (Counts Four and Five)**

Counts IV and V are claims under the Pennsylvania Human Rights Act. The Court again declines to exercise supplemental jurisdiction over Plaintiff's state law claims and dismisses these counts against all Defendants, without prejudice.

## IV. Conclusion

For the reasons set forth above, Home Depot's Motion to Dismiss is granted. Plaintiff's Second Amended Complaint is dismissed with prejudice as to Counts One, Two, and Three. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and dismisses the remainder of the Second Amended Complaint without prejudice.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: March 28, 2018